## 28829. BALDWIN v. ARIAIL.

HALL, Justice.

The plaintiff appeals the grant of summary judgment on behalf of the city clerk of Thomasville in an action to compel the clerk to permit the inspection of records of the city election held on June 13, 1972. The clerk's motion sought summary judgment on the grounds that he was not sued in his official capacity, that he had done no act injurious to the plaintiff and that the petition set forth no cause of action. He submitted no supporting affidavits. We reverse.

"All books kept by any public officer under the laws of this State shall be subject to the inspection of all the citizens of this State, within office hours, every day except Sunday and holidays." Code § 89-601. "Except when otherwise provided by law or court order, the primary and election records of each governing

authority, superintendent, registrar and committee of a political party or body, including registration statements, nomination petitions, affidavits, certificates, tally papers, returns, accounts, contracts, reports, and other documents in custody shall be open to public inspection and may be inspected and copied by any elector during usual business hours at any time when they are not necessarily being used by the custodian, or his employees having duties to perform in reference thereto: Provided, however, that such public inspection thereof shall only be in the presence of the custodian, or his employee, and shall be subject to proper regulations for the safekeeping of such documents." Code Ann. § 34A-108. As to the first-quoted statute, the court has said that "It does not declare that the clerk shall have a discretion to deny the right of inspection, but it makes it mandatory that he shall afford such right to all . . ." under the conditions prescribed by the law. *Atlanta Title &c. Co. v. Tidwell,* 173 Ga. 499, 513 (160 SE 620, 80 ALR 735).

It cannot be said as a matter of law that plaintiff's petition does not set forth a claim for relief under the CPA. See Code Ann. §§ 81A-108 and 81A-109 (a).

The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. All Justices concur.*

SUBMITTED APRIL 19, 1974 — DECIDED JUNE 12, 1974.

Marion A. Baldwin, *pro se.*
Julius F. Ariail, *pro se.*